CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

APR 1 1 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ROBERT S. EVANS,<br>                           *Plaintiff,*<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>                           *Defendant.* | CIVIL ACTION NO. 6:02-CV-00023<br><br><br>OPINION & ORDER<br><br><br><br>JUDGE NORMAN K. MOON |

This matter comes before the Court on Defendant MetLife's Motion to Reconsider the February 22, 2006 Order reopening and reinstating this case to the active docket of this Court.

MetLife argues that the Court's March 24, 2004 Order remanding to MetLife for further administrative review pursuant to the Fourth Circuit's instructions[1] constituted a final judgment terminating the Court's jurisdiction because it "left nothing further to be done by the Court . . . the controversy alleged in the Plaintiff's original Motion for Judgment was concluded." (D. Mot. Reconsid. p. 2-3 (citing *Catlin v. United States*, 324 U.S. 229 (1945))). MetLife also notes that the Court failed to explicitly state in its remand order that it was retaining jurisdiction or staying the case pending the outcome of MetLife's review.

The Court disagrees that its remand order was a final decision depriving it of jurisdiction

---

[1] *See Evans v. Metropolitan Life Insu. Co.*, 358 F.3d 307 (4th Cir. 2004) (vacating the Court's decision granting summary judgment in favor of Metlife after finding that MetLife abused its discretion as ERISA plan administrator by refusing to consider certain evidence pertaining to Plaintiff's alleged onset of disability, and directing the Court to "remand this case for further administrative review by MetLife consistent with this Opinion").

or that any failure to mention its retention of jurisdiction somehow precludes jurisdiction now.

A final decision is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). In this case, pursuant to 29 U.S.C. §1132(a)(1)(B), Plaintiff seeks to recover benefits allegedly due to him under the terms of his former employer's long-term disability plan ("Plan") and to enforce his rights under the terms of the Plan. Neither the Fourth Circuit nor this Court has ever decided the merits of this claim, i.e. Plaintiff's entitlement to benefits. Instead, the Fourth Circuit essentially found that MetLife committed a procedural error by failing to review some evidence relevant to Plaintiff's disability claim, and directed the Court to remand the claim to MetLife to afford it the opportunity to properly consider all relevant evidence. *Evans*, 358 F.3d at 312. A district court's order remanding a claim for benefits to the ERISA plan administrator following a finding "that the Plan Administrator had failed to consider all of the relevant evidence" is not a final decision where, as here, "[t]here has been no final determination as to [the Claimant's] eligibility for benefits . . . ." *Shannon v. Jack Eckerd Corp.*, 55 F.3d 561, 562-63 (11th Cir. 1995) *(per curiam)*. *See also Borntrager v. Central States, Southeast and Southwest Areas Pension Fund*, 425 F.3d 1087, 1090 (8th Cir. 2005) ("A number of our sister circuits have held that an order remanding to an ERISA plan administrator for further proceedings is interlocutory in nature . . . particularly when the district court retained jurisdiction or otherwise deferred considering the merits of the administrator's decision being reviewed.") (collecting cases); *but see Perlman v. Swiss Bank*, 195 F.3d 1087 (7th Cir. 1999).

The Court should have explicitly stated in its remand order that it was retaining jurisdiction over this case pending the outcome of Metlife's review. However, its failure to do so

is of no moment. "Ordinarily implicit in a district court's order of remand to a[n ERISA] plan fiduciary is an understanding that after a new decision by the plan fiduciary, a party seeking judicial review in the district court may do so by a timely motion filed in the same civil action, and is not required to commence a new civil action . . . . This is so regardless of whether the case is formally held open or instead administratively closed on the district court docket in the meantime." *Petralia v. AT&T Global Information Solutions Co.*, 114 F.3d 352 (1st Cir. 1997). *See also Borntrager*, 425 F.3d at 1090-91 (holding that district court's remand order was not a final decision, even though the order did not state the court was retaining jurisdiction, and the Clerk of Court entered a final judgment, because the district court had not resolved the merits of the underlying wrongful expulsion dispute).[2]

Accordingly, Defendant's Motion to Reconsider is DENIED.

The Clerk of the Court is directed to send a certified copy of this Opinion and Order to all counsel of record. It is so ORDERED.

ENTERED: *Emma J. Mon*
U.S. District Judge

April 11, 2006
Date

---

[2] Defendant also argues that the Court must lack jurisdiction now because it previously vacated a September 1, 2004 order reopening the case on grounds that it lacked jurisdiction. However, the vacating order clearly stated, "The Court finds that it lacks jurisdiction to reopen this case *at this time, because the case is currently in administrative proceedings*" before MetLife. (Dec. 13, 2004 Order) (emphasis added). Unlike the situation in the fall of 2004, it is now abundantly clear that Plaintiff has exhausted MetLife's administrative review process and may properly seek district court review.